Motion to clarify
Application of Sentence

IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,
        Plaintiff,

V.

MICHAEL BORDMAN,
        Defendant,

20-cv-62-LRR-MAR

Case No. 1:16 - cr - 81 - LRR

MOTION TO CLARIFY APPLICATION OF SENTENCE

    COMES NOW, the Defenant acting pro se to move for this Court to clarify which "part" of the sentence of imprisonment is to be served on supervised released.

    The Defendant was sentenced by this Honorable Court to a term of imprisonment which included a term of supervised release persuant to 18 U.S.C. § 3583.

    18 U.S.C. § 3583(a) reads: "In general. The Court, in imposing a sentence

to a term of imprisonment for a
Felony or a misdemeanor, may
include as a part of THAT sentence
a requirement that the defendent
be placed on a term of supervised
release after imprisonment...."
(emphasis mine)

This is plain English and no ambiguity

exists except in how the FBOP improperly

applies this sentence due to the unclear lan-

guage by this court when writing and pro-

nouncing this sentence against the Defen-

dant.

Because section (c) of this code requires

application of the § 3553 sentencing factors,

the court is required to clearly identify

which "part" of the "sentence... of im-

prisonment" is to be served on the super-

vised release. Such a determination cannot

be left to the FBOP as this Court cannot delegate such authority to any other agency or branch of Government.

## ARGUMENT AND SUPPORT

This Court maintains "continuous" juris-diction over this case in such circumstances where its sentence requires clarification.

> "the jurisdiction of a court is not exhausted by the rendition of its judgment, but continues until that judgment is satisfied." Wayman v. Southard, 23 U.S. 1, 23 (1825)

The language of §3583 is simple and straight-forward. First, the statute first identifies "impos-ing a sentence". The statute then names what sentence it is imposing "a term of imprisonment". The statute then clearly states "may" making some-thing optional. The statute then identifies what

the "optional" action is, "Include as a part of that sentence...". The statute then identifies what the court "may" include as a "part" of "that" sentence (of imprisonment) as a "term of supervised release".

The American Heritage dictionary® Fourth (Office) Edition defines the word "part" as "A portion, division, or segment of a whole". And, the term "that" is defined as "The one designated or implied".

> "The best evidence of the purpose
> of a statute is the statutory text
> adopted by both Houses of Congress
> and submitted to the President."
> <u>Wyeth v. Levine</u>, 555 U.S. 559 (2009)

As Due Process and Fair Notice require that Statutes speak clearly and in a language for "ordinary" people, and the Statute does not

give any alterior definitions for the terms "part" or "that", the only way to read this statute is, in laymans terms is: "When the Court sentences a person to a term of imprisonment, and the court chooses to sentence a term of supervised release, the Court must identify which portion of the sentence of imprisonment is to be served on supervised release." There is no other grammatical way to read this statute. Nowhere does it state that a Court may sentence an "additional" term of supervised release to be served after the expiration of the term of imprisonment.

If Congress had meant for the court(s) to sentence an addition to the term of imprisonment, Congress would have stated "May include

as an additional Sentence" and they would _not_ have Stated "Include as a part of That Sentence".

It is clear that because Congress Wanted to have Control" on how much "Supervised release" Could be applied as a "part" of the sentence of imprisonment, Congress, in (b) determined Maximum "parts" of any Sentence of imprisonment would be served on "Supervised release". Unless provided for elsewhere, the Maximum term is five years.

For example, if the Court Sentenced a person to 20 years imprisonment and a 5 year term of Supervised release, then the last 5 years of that persons imprisonment would be Supervised Release. Thereby Falling within the language" as part of that sentence" of imprisonment. (Theoretically a Judge,

applying the § 3553 sentencing could sentence a person to 20 years imprisonment and order that the portion of imprisonment after 10 years would be the "part" of the sentence to be served on supervised release. This would "fix" violation offences as the courts would have the 10 years portion being served on release available to sentence the violater to).

This "in addition to" the term of imprisonment is not found in the actual language of 3583, and thus cannot exist in any sentence. The best the Defendent can figure is this mis-interpretation came from contradictory statements by the non-Legislative Branch Sentencing Commission.

In appendix one, the court will notice that § 2 (b) "Supervised Release" states "... A term

Of supervised release may be imposed by the Court as a part of the sentence of imprisonment at the time of initial sentencing". Ironically, this the Defendant's exact argument. Supervised Release is a portion or "part of" imprisonment and not extra to.

However, the next sentence in appendix one (b) Contradicts the one prior. In an apparent state of confusion, whomever penned this Subsection then states "... supervised release does not a portion of the sentence of imprisonment, but rather is an order of supervison in addition to any term of imprisonment." Somehow, this author believes that "a part of that sentence" really means "in addition to that sentence". This is an absurd reading of the statute.

"When I use a word", "Humpty Dumpty said, in a rather scornful tone, "It means what I choose it to mean — neither more nor less". Through the Looking Glass, in The Complete Works Of Lewis Carroll, 196 (1939). TVA V. Hill, 437 U.S 153, 173 n.18 (1978)

Of Course, Congress is not Humpty Dumpty, and if they want a word to have an expanded meaning, they will add "definitions" to words used in specific Statutes. When Congress does not "change" the meaning of a word, such as "part of", then the Government Cannot become Humpty Dumpty and make a word mean something different to fit their desired purpose.

Criminal Defendants must be able to trust what the statutes, as they are written, say and not what the Government would have them mean. (It should be noted that when Congress wrote

the Code for the District of Columbia, they did make Supervised Release an additional sentence, unlike it is written for Federal Law. So Congress clearly knows how to say what they mean and mean what they say.

Because ALL of these facts are undisput—able, either the meaning is crystal clear that Supervised Release is a portion of imprison—ment, or the Rule of Lenity must apply.

## CONCLUSION

The Defendant, because the Judgment and Committment Order does not, in applying the 18 U.S.C. § 3553 standards, instruct the FBOP as to what "part of that sentence" of imprisonment the sentence of Supervised Release is supposed to be, is requesting the Court Clarify and ammend the

Judgement and Sentence to reflect which portion of imprisonment is to be served prior to the remaining portion to be served on supervised release.

The Defendant believes that this Court must redo sentencing and it must, applying the § 3553 standards, relying on the stringent conditions already ordered for such release, the Court should create an equitable remedy GRANTING the Defendant to be released on supervision equal to the term of supervised release mandated by this Court in it's Judgement and Committment. Or, if such is impossible, release after a term of 10 years imprisonment for the remaining "part of the sentence" that the release replaced.

Wherefore, the Defendant having a direct

liberty interest, moves this Court to proceed
without undue delay and order this new Judge-
ment and Commitment and then to submit such
to the FBOP.

Respectfully submitted,
Signed: Michael Boriman

This 10th day of June 2020